**HEARTWOOD, INC., Ozark Chapter Sierra Club, Plaintiffs,**

v.

**UNITED STATES FOREST SERVICE, INC., et. al., Defendants.**

No. 4:96–CV–2307 (CEJ).

United States District Court,
E.D. Missouri.

March 27, 1998.

Russell C. Ashley, Deacy and Deacy, Kansas City, MO, for Plaintiffs.

Edwin B. Brzezinski, Sr. Asst. U.S. Attorney, Office of U.S. Attorney, St. Louis, MO, for Defendants.

### *MEMORANDUM AND ORDER*

JACKSON, District Judge.

This matter is before the Court on the cross-motions for summary judgment [Doc. 41, 43]. *See* Fed.R.Civ.P. 56. The parties have filed their respective responses in opposition.

Plaintiffs Heartwood, Inc. and Ozark Chapter Sierra Club bring this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.;* the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4321 *et seq.;* the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604 *et seq.;* and the notice and public comment provisions of 36 C.F.R. § 215 *et seq.* Plaintiffs challenge the administrative decision of the United States Forest Service ("Forest Service"), an agency of the United States Department of Agriculture, to authorize the sale of 60 acres of timber, designated as the Kitchen Sink Project, located within the Mark Twain National Forest.

On June 27, 1997, the Court denied the motion of plaintiff Heartwood, Inc. for a temporary restraining order or preliminary injunction. The Court concluded that none of the four *Dataphase* factors, including the likelihood of succeeding on the merits, were met to justify issuance of injunctive relief. *See Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113 (8th Cir.1981).

Subsequent to the Court's June 27, 1997 ruling, the parties filed cross-motions for summary judgment. The plaintiffs claim that the Forest Service violated the procedural requirements of 36 C.F.R. § 215.5. Also, plaintiffs contend that the Forest Service did not give proper consideration to the potential "State Natural Area." Finally, plaintiffs argue that the Forest Service violated the Forest Plan, Management Prescription 6.3.[1] Although the designated timber has since been harvested and sold, plaintiffs seek a declaratory judgment that the Forest Service violated the NEPA,NFMA, and notice and public comment provisions of 36 C.F.R. § 215 *et seq.* Also, plaintiffs seek reasonable attorneys' fees and costs.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the

---

1. The Court notes that plaintiffs' motion for summary judgment does not include other substantive challenges previously raised in administrative appeal. These challenges include the impact of the project's impact on federally listed animal species and the legality of the sale under the Migratory Bird Treaty Act. The Court considers these issues to be abandoned and will not address them here.

underlying facts. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The APA authorizes a reviewing court to set aside or hold unlawful any action by an agency that is found to be "without observance of procedure required by law." 5 U.S.C. § 706(2)(D). Additionally, when reviewing an administrative decision, the court examines whether the agency's decision was arbitrary and capricious. *Sierra Club v. Robertson,* 784 F.Supp. 593, 601 (W.D.Ark. 1991) (court denying preliminary injunction of timber sale by Forest Service), *aff'd,* 28 F.3d 753 (8th Cir.1994) (Eighth Circuit Court of Appeals expressly approving district court's preliminary injunction analysis); 5 U.S.C. § 706(2)(A). In the context of a decision made by the Forest Service, the court cannot "weigh the evidence independently and reach its own findings." *Robertson,* 784 F.Supp. at 601. Rather, the court's review is "limited to the record before the agency" to determine whether the agency has taken a "hard look at the environmental consequences of its actions." *Id.* (citing *Kleppe v. Sierra Club,* 427 U.S. 390, 410 n. 21, 96 S.Ct. 2718, 49 L.Ed.2d 576 (1976)).

Plaintiffs claim that the Forest Service violated the procedural requirements set forth in the regulations by not including an Environmental Assessment ("EA") report in the letter soliciting public comments and by not allowing a sufficient time period for public comments. *See* 36 C.F.R. § 215.5.

■ The Forest Service omitted the EA report from its March 7, 1996 letter soliciting public comments. *See* 36 C.F.R. § 215.5(b)(2)(i). Additionally, in the solicitation letter, the Forest Service inaccurately stated that public comments had to be received within 30 days from the notice of publication. Instead, the Forest Service should have stated that public comments would be considered timely as long as they were *postmarked* by the 30th day after publication. *See* 36 C.F.R. § 215.6(c)(2). Nevertheless, the Forest Service cured these procedural defects by sending the EA to Heartwood's representatives before the end of the 30–day period and by continuing to accept comments past the 30–day period and until the date of the decision. Notwithstanding the extension of its the comment period, Heartwood never made the substance of its comments known to the agency. Further, Heartwood has not shown that the agency interfered with or impeded its efforts to make comments. With respect to plaintiff Ozark Chapter Sierra Club, the evidence reveals that it, too, was provided a copy of the EA report before the 30–day period expired. The parties appear to agree that Ozark did not submit any comments. However, the administrative record reveals that the Forest Service received and accepted a timely comment submitted by Caroline Pufalt, who is identified in the August 8, 1996 administrative appeal decision as a representative of Ozark.

The record reveals that the Forest Service received a number of public comments after the 30–day period passed and that it gave consideration to all of them. Thus, by extending the comment period to the date of decision the Forest Service adequately compensated for its earlier error. Further, neither plaintiff has shown that it would have submitted comments different from those that were submitted by other members of the public. In light of the curative measures taken by the Forest Service, no prejudice resulted from the agency deviation from the requirements of the regulation. Therefore,

the defendants are entitled to judgment on the plaintiffs' procedural challenges to the administrative decision.

In addition to the procedural challenges, plaintiffs assert a substantive challenge to the administrative decision, *i.e.*, that the Forest Service did not give proper consideration to the potential "State Natural Area."

As the administrative record indicates, the Forest Service designated a 60–acre area of the Mark Twain National Forest for timber cutting and sale. Plaintiffs contend that the Forest Service did not give proper consideration to a separate area of the of the Mark Twain National Forest known as the Solomon Hollow glades and dry sandstone forest. There is no dispute that the Solomon Hollow glades and dry sandstone forest was designated as a *potential* "state natural area" ("SNA"). Had it been actually designated as an SNA, the area would have protected status. Because the Solomon Hollow glades and dry sandstone forest could potentially be a protected area, plaintiffs assert that the Forest Service should have more carefully considered the impact of the timber sale.

Defendants point out evidence in the administrative record that Forest Service specialists visited the area and discussed the impact of timber cutting. Furthermore, defendants point out that the Forest Service designated buffer zones around the Solomon Hollow glades and dry sandstone forest where no cutting would be allowed. For example, the Forest Service designated 194 acres surrounding the glades and dry sandstone forest as "Land Suitability Class 801." Such a designation prohibits timber production and mandates resource protection. Plaintiffs do not rebut this evidence. Therefore, the Court cannot conclude that the agency's decision was arbitrary and capricious. Evidence in the administrative record supports the conclusion that proper consideration was given to the potential State Natural Areas. Defendants are entitled to judgment on this claim.[2]

Finally, plaintiffs assert that the Forest Service violated the Forest Plan, Management Prescription 6.3. This claim was not presented during the administrative appeal. Therefore, the Court cannot consider the merits of the claim, and the defendants are entitled to judgment. *Sierra Club v. Robertson*, 784 F.Supp. 593, 601 (W.D.Ark.1991).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is **GRANTED** [Doc. 41]. An appropriate order will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiffs' motion for summary judgment is **DENIED** [Doc. 43].

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is **DENIED as moot** [Doc. 44].

2. To the extent that plaintiffs are arguing that other areas outside of the Solomon Hollow glades and dry sandstone forest should have been considered as a possible SNA, defendants are entitled to judgment. Plaintiffs do not offer any evidentiary support to explain why such areas have the special characteristics necessary to be considered as a possible SNA. Therefore, plaintiffs do not establish that the agency's actions were arbitrary and capricious.